### SARAH BURBANK *vs.* HEMAN DAY & others.

The demand of dower which a woman is required, by the Rev. Sts. *c.* 102, § 2, to make of the person who is seized of the freehold, before commencing her action therefor, is a personal demand; and when there is more than one person seized of the freehold, a personal demand must be made on each of them.

A widow wrote and signed a demand on three tenants of the freehold to set out her dower in her husband's estate, and a deputy sheriff gave an attested copy of the demand into the hands of one of the tenants, and left an attested copy thereof at the dwelling-house of each of the other tenants; and the widow, more than one month afterwards, brought an action of dower against the tenants. *Held*, that the action could not be maintained, for want of a legal demand.

THIS was a writ of dower, in which the demandant claimed, as widow of Arthur Burbank, her dower in land of which he was seized during her coverture.

At the trial before *Dewey*, J. the demandant, to prove a demand on the tenants, produced the following paper, signed by her: " To Messrs. Heman, Rodney and Henry Day. I hereby demand of you to set out and assign to me my dower as widow of Arthur Burbank, late of West Springfield, in the county of Hampden, deceased, in the following described tracts of real estate in Feeding Hills Parish, in said West Springfield." (Describing several tracts of land, by metes and bounds.)                                    Sarah Burbank.

March 4 1847."

On the back of said paper was a writing in these words: "Springfield, March 4 1847. I have served the within, on the within named Heman, Rodney and Henry Day, by giving in hand to Henry Day a true and attested copy of the within notice and demand, and by leaving a true and attested copy of the within notice and demand at each of the

dwelling-houses of the said Heman Day and Rodney Day, in West Springfield."

The demandant then called, as a witness, Joseph W. Gorham, a deputy sheriff, who testified that said paper was put into his hands by the demandant's attorney, with directions to make service of it by copy; that he served it in the manner stated in the memorandum upon the back thereof; that he kept the original, and returned it to said attorney; and that he had no other instructions or authority.

A verdict was taken for the demandant, subject to the decision of the whole court.

*R. A. Chapman & Ashmun,* for the tenants.

*W. G. Bates,* for the demandant.

WILDE, J.   The only question raised by the report of this case is, whether the demand of dower, made on the tenants, is conformable to the Rev. Sts. *c.* 102, § 2; and we are of opinion that it is not.   The provision of that section is, that "she shall demand her dower *of the person* who is seized of the freehold at the time of making the demand, and shall not commence her action therefor before the expiration of one month, nor after the expiration of one year from *such demand.*"   This requires a personal demand of the party who is seized of the freehold; and it follows conclusively, that if more than one person is thus seized, a personal demand must be made on each.  · At least, such must be the construction, unless the tenant of the freehold should not be within the Commonwealth, so that personal service could not be made. Whether, in such case, a notice to the subtenant of the tenant of the freehold would be sufficient, or whether any or what other notice would be required, are questions not raised in the present case.

By the return of the officer, it appears that no personal demand of dower was made of two of the tenants, but that the only demand made was by his leaving an attested copy of the demand at each of their dwelling-houses; which is not such a demand as the statute requires.

*Verdict set aside*